R. J. HOLMES and wife CAROLINE and others *v.* THOMAS J. CROWELL and wife MARGARET.

(Same *Syllabus* as in preceding case.)

The facts in this case are fully reported in the preceding case, and it is unnecessary to insert them again. There was judgment for the plaintiff, and the defendant appealed. The plaintiffs did not appeal from the judgment, but only from certain rulings of his Honor, fully stated in the defendant's appeal, *ante.*

*Battle & Son, McCorkle & Bailey*, for the appellant.
*Montgomery*, contra.

READE, J.   The merits of this case are decided in the same case at this term on the appeal of the defendants, this being the plaintiffs' appeal.

We have considered the plaintiffs' exceptions, and we do not see any errors in the rulings of his Honor thereon, even if the subject matters of the exceptions related to the point upon which the case turns. The plaintiffs' failed to connect

themselves with the title of Pennington, whatever that was; the jury find that Stokes did not buy at the sheriff's sale, against Pennington. Stokes, therefore, had no title, legal or equitable. The only show of title which the plaintiffs have, is the alleged estoppel, when the defendant was present at the time when the land was sold as the property of Stokes, and consented thereto. But these exceptions have no connection with that transaction, but to antecedent matters. And so they are irrelevant, except the objection to the testimony of witness Russell, who said that he bought the land when the sheriff sold it as Pennington's sale, and that Stokes did not buy it.

This evidence was competent.

There is no error.

PER CURIAM.                              Judgment affirmed.